

FILED
2020 Apr-14  AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KRISTEN ALEXANDER AND ALL OTHER EMPLOYEES OR FORMER EMPLOYEES OF THE DEFENDANT, SIMILARLY-SITUATED,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CASE NO. _____** |
| **v.** | ) ) | |
| **LAKSHMI, LLC**, | ) ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, Kristen Alexander on behalf of herself and all other similarly situated employees or former employees of the Defendant ("Plaintiff"), and files her Complaint against Lakshmi, LLC ("Lakshmi") and in support, states as follows:

### INTRODUCTION

1.      Lakshmi employs hourly employees within the Northern District of Alabama.  Plaintiff worked for Defendant at Tide Clean # 6 Chevron Station on North Parkway in Huntsville, Alabama.  Plaintiff was required to work over forty hours.  However, for every hour over forty, Plaintiff was paid her same regular pay in cash.  When Plaintiff complained, she was terminated and did not receive her last paycheck. Plaintiffs routinely worked more than forty hours per week on behalf of

Defendant but was not paid her full compensation due to her in violation of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

2.      This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

3.      This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.

4.      Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

5.      Plaintiff Kristen Alexander is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama, and a citizen of the United States of America.

6.      As per the allegations *infra*, Plaintiff has standing to prosecute this action.

7.      Plaintiff brings this action on behalf of herself and all other similarly situated employees and former employees of Lakshmi to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief due under the provisions of the FLSA.

8.      Other, similarly situated employees are or were employed by Lakshmi

and are referred to herein as "similarly-situated employees" or "others similarly-situated."

9.     Defendant Lakshmi is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

10.    Defendant Lakshmi is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

11.    Upon information and belief, Defendant Lakshmi employed the Plaintiff and other similarly situated employees within the meaning of the FLSA, are engaged in interstate commerce, and have an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

12.    Defendant Lakshmi directly and by and through its duly-authorized agents, participated in, and continue to participate in, payroll decisions involving the Plaintiffs and others similarly-situated, and intentionally, knowingly, and willfully failed and continues to fail to compensate the Plaintiff and others similarly-situated in accordance with the overtime provisions of 29 U.S.C. § 207.

### FACTUAL AVERMENTS

13.    Plaintiff started working for Defendant as a cashier in April 2019.

14.    Plaintiff would normally work every day from 2 pm until 10 pm.

However, in addition on somedays she would also come in at 5 am until 9 am and come back at 2 pm or stay from 5 am until 11 pm.

15.    Plaintiff earned $8.50 an hour and received a paycheck every Friday.

16.    Plaintiff clocked in and out for each day she worked and when her hours were over 40 for a week, Defendant would pay Plaintiff the overtime in cash at her regular rate of pay.

17.    After a while of not getting overtime pay, Plaintiff complained to Defendant about not receiving overtime for the hours over 40.  Defendant responded to Plaintiff that her hourly rate would have to be decreased to receive overtime.

18.     On Plaintiff's last date of employment Saturday, December 7, 2019, she had already been working over forty hours a week.  At that point, Plaintiff was very upset as she knew her pay rate would be decreased or she would continue to work overtime at same rate as her pay.  Plaintiff locked up and left the store.

19.    Defendant retaliated and falsely accused Plaintiff of stealing. Defendant also placed a picture of Ms. Alexander on the wall of the store and on social media falsely claiming she stole from the store.

20.    Defendant did not provide Plaintiff her last paycheck, even though Plaintiff's W2 reflects she did receive this pay.  As a consequence, Plaintiff did not receive minimum wage for the last week she worked in violation of the FLSA.

21.    Plaintiff has time records reflecting multiple weeks she worked over

forty hours but was only paid straight time in cash for hours worked over forty.

22. The Parties regularly engage in interstate commerce.

23. Plaintiff, and others similarly situated, performed and/or perform duties for the Defendant Lakshmi and were and are subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

24. Defendant Lakshmi, on numerous occasions, employed and continue to employ Plaintiff and others similarly-situated for hours worked in excess of forty (40) hours in a workweek and failed and refused to compensate them correctly for all such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

25. Defendant Lakshmi is required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiffs and others similarly situated.

26. Upon information and belief, Defendant Lakshmi is aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and others similarly-situated, but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff and others similarly-situated.

27. Defendant Lakshmi by and through their duly authorized agents, failed to act in good faith and had no reasonable grounds for believing that they were not violating the FLSA.

## CAUSE OF ACTION

### Count I
### Violation of the Fair Labor Standards Act

28.     Plaintiff reasserts the averments set forth in Paragraphs 1 through 27 hereof, as though fully set forth herein.

29.     By the actions and omissions described herein, Defendant Lakshmi violated FLSA and specifically 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff and as to individuals similarly situated.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly-situated employees or former employees of Lakshmi, request that judgment be entered herein against Defendant Lakshmi in the amount due to her and others similarly-situated as the same may hereafter be identified and named prior to or at trial, as unpaid wages, liquidated damages, interest, and costs under the provisions of the Fair Labor Standards Act, that this Court will also allow reasonable attorneys' fees to be paid to Plaintiffs, that Defendant Lakshmi be held liable for payment of the same, and that this Court award such other and further relief, including equitable, to which Plaintiffs and others similarly situated are entitled.

### Count II
### Breach of Contract

30.     Plaintiff reasserts the averments set forth in Paragraphs 1 through 27 hereof, as though fully set forth herein.

31.     There was an agreement between the Plaintiff for the Defendant to pay the Plaintiff for her work at the store weekly, on every Friday.  (the "Contract").

32.     Plaintiff performed her work at the store under the terms of the Contract.

33.     Defendant breached the Contract and refused to rectify the breach by failing to pay Plaintiff her last week of pay.

34.     Defendant has failed and/or refused to perform under the Contract.

35.     Defendant breached the Contract with Plaintiff.

36.     As a proximate and direct consequence of Defendant's breach of Contract, Plaintiff has suffered compensatory, punitive, and consequential damages.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory and consequential damages against Defendant in an amount within the jurisdiction of this Court, with interest, plus costs of this action, and such further and different relief as this Court deems just and proper.

## Count III
## Defamation *per se*

37.     Plaintiff reasserts the averments set forth in Paragraphs 1 through 27 hereof, as though fully set forth herein.

38.     Defendant transmitted false statements regarding Plaintiff in the store where she worked for the public to see as well as posting pictures of same on social media.

39.    The false statements contain false allegations regarding Plaintiff's alleged indictable crimes of moral turpitude and impute the traits of baseness, vileness and depravity.

40.    The statements posted in the store and on social media regarding Plaintiff are false.

41.    Plaintiff requested false statements to be removed from the store and social media.  To date, Plaintiff is not aware if all postings of the false statements have been removed.

42.    As a direct and proximate result of Defendant's defamation per se, Plaintiff has suffered unknown economic damages in the form of damage to reputation.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory damages and punitive damages against Defendant in an amount within the jurisdiction of this Court, plus costs of this action, interest and all other relief, including equitable, that this Court deems justified and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Submitted this the 13th day of April, 2020.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB- 9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:        (256) 532-2222
Fax:          (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

Lakshmi, LLC
c/o Amit Patel
153 Olympia Drive
Meridianville, AL 35759


Lakshmi, LLC
c/o Amit Patel
6807 TREE CROSSING PKWY
HOOVER, AL 35244

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)